Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| SONIA MIRANDA APONTE | | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo |
|---|---|---|
| Peticionaria | KLCE202500131 | Caso Civil Núm.: FA2024CV01197 |
| | | Sobre: |
| EX PARTE | | Expediente de Dominio |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 11 de marzo de 2025.

Comparece la señora Sonia Miranda Aponte (señora Miranda Aponte o peticionaria) vía *certiorari* y solicita que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de Fajardo, emitida el 8 de enero de 2024. En dicho dictamen, se confirmó la *Orden Sobre Trámite de Expediente de Dominio* del 9 de diciembre de 2024, en la cual el foro primario ordenó la notificación o citación de varias partes al amparo de la Ley Núm. 210-2015 (30 LPRA sec. 6001 *et seq.*). Por los fundamentos que expresaremos, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de una petición sobre expediente de dominio. Según el expediente, la señora Miranda Aponte adquirió una propiedad inmueble sito en Barrio Florencio, Fajardo mediante la Escritura de Compraventa Núm. Sesenta y Cuatro (64) del día 9 de noviembre de 2013. Dicha escritura informa que la vendedora

Número Identificador

SEN2025 _____

del inmueble es la señora Evelyn Molina Rengel (señora Molina Rengel) y que tal propiedad no está inscrita en el Registro de la Propiedad. Luego del paso del Huracán María en el 2017, la señora Miranda Aponte solicitó ser aceptada bajo el Programa de Subvención en Bloque para el Desarrollo Comunitario Recuperación ante Desastres o Mitigación (CDBG-DR o CDBG-MIT), dentro del Programa de Autorización de Títulos, del Departamento de la Vivienda. Dicha solicitud fue aceptada por el Departamento de la Vivienda mediante la *Certificación de Solicitud de Expediente de Dominio/Tracto Sucesivo*, emitida el 8 de octubre de 2024.

Por todo lo anterior, el 25 de noviembre de 2024, la peticionaria presentó petición sobre expediente de dominio al amparo de la *Ley para Acelerar los Procesos para Otorgar Títulos de Propiedad Bajo el Programa de Autorización de Títulos Adscrito al Departamento de la Vivienda*, Ley Núm. 118-2022 (17 LPRA sec. 1581 *et seq.*), en el cual informó que ha estado en posesión del inmueble por once (11) años y anejó su *Certificación de Solicitud de Expediente de Dominio/Tracto Sucesivo*. Posteriormente, la peticionaria solicitó que, al amparo de la Ley Núm. 118-2022, se ordene citar por edicto a las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción de la propiedad, e igual a la señora Molina Rengel, cuyo paradero alegadamente se desconoce. Asimismo, la señora Miranda Aponte solicitó que dichos edictos se realizaran una sola vez en un periódico de circulación general diaria en Puerto Rico, según también dispone la Ley Núm. 118-2022.

No obstante, el foro primario emitió una *Orden Sobre Trámite de Expediente de Dominio* en la cual, entre otros asuntos, ordenó a la

peticionaria, al amparo de la *Ley del Registro de la Propiedad Inmobiliaria*, Ley Núm. 210-2015, *supra*, (1) notificar personalmente o por correo certificado una copia de la petición al Alcalde del Municipio de Fajardo, Fiscal de Distrito, Secretario del Departamento de Transportación y Obras Públicas (DTOP) o sus representante autorizado, y a las personas que están en posesión de las fincas colindantes; (2) citar por edicto a la inmediata anterior dueña del inmueble o sus herederos, si fueren conocidos, pero se desconoce su paradero en Puerto Rico; (3) notificar mediante edicto a las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada y los que están ausentes; y (4) publicar los edictos en un periódico de circulación general diaria en Puerto Rico tres (3) veces durante el término de veinte (20) días. Luego de la peticionaria solicitar reconsideración en cuanto el método de notificación y el requisito de notificar a los cuerpos o funcionarios gubernamentales, el foro primario resolvió sin lugar y explicó que la Ley Núm. 210-2015 regula el proceso de inscripción de un inmueble y que dicho proceso no declara derechos, sino que justifica y faculta al Tribunal a únicamente declarar justificado o no el dominio de los bienes inmuebles.

Insatisfecha, la peticionaria recurre ante este Tribunal y alega que el foro primario erró y abusó de su discreción al determinar que es aplicable la Ley Núm. 210-2015, sin considerar que la Ley Núm. 118-2022 es una ley especial y su omisión vulnera el principio general de hermenéutica que establece que una ley especial prevalece sobre otra de carácter general.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor

jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000)).

Es evidente, igualmente, que cuando existe un conflicto entre dos leyes, la ley especial que regula una materia específica prevalece sobre la ley de carácter general. *DACo v. Fcia. San Martín*, 175 DPR 198 (2009) (citando a *A.I.I.Co. v. San Miguel*, 161 DPR 589 (2004)). Solo cuando existen deficiencias en la ley especial es que procede acudir a las leyes generales para suplir dichas deficiencias. Íd.

En tal contexto, la Ley Núm. 210-2015, en lo pertinente al caso de autos, dispone que el promovente deberá notificar personalmente o por correo certificado con copia de su escrito al (1) Alcalde del municipio en que radiquen los bienes; (2) Secretario de DTOP; (3) Fiscal de Distrito; y (4) a las personas que están en la posesión de las fincas colindantes. Art. 185 de la Ley Núm. 210-2015 (30 LPRA sec. 6291). Igualmente, el foro primario ordenará la citación personal del (1) inmediato anterior dueño o sus herederos si fueren conocidos en caso de no constar en escritura pública la transmisión; y (2) los que tengan cualquier derecho real sobre la finca objeto del procedimiento. Íd. No obstante, dicho foro ordenará la citación mediante edicto (1) las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada; y (2) los que están ausentes. Íd. Tales edictos se publicarán en tres (3) ocasiones dentro del término de veinte (20) días en un periódico de circulación general diaria en Puerto Rico. Íd.

Por su parte, la Ley Núm. 118-2022 considera imperativo crear trámites expeditos para que las personas que no poseen título de propiedad de su vivienda, especialmente aquellas damnificadas por los desastres naturales recientes puedan obtener un título de propiedad que tenga acceso al Registro de la Propiedad. Arts. 1-2 de la Ley Núm. 118-2022 (17 LPRA secs. 1581, 1582). Específicamente, dicha Ley reconoce la dificultad de las personas damnificadas inscribir sus documentos al amparo de la Ley Núm. 210-2015, por lo cual es necesario flexibilizar y agilizar los procesos de titularidad. Íd., sec. 1582.

A esos efectos, la Ley Núm. 118-2022 establece un procedimiento expedito de expediente de dominio, reanudación de

tracto y usucapión para inscribir el inmueble a favor de las personas solicitantes elegibles de los Programas CDBG-DR o CDBG-MIT. Íd., sec. 1593. Dichos programas fueron creados por el Departamento de Vivienda y Desarrollo Urbano de Estados Unidos (HUD, por sus siglas en inglés) en respuesta a los huracanes Irma y María y dentro de los cuales, mediante la administración del Departamento de la Vivienda de Puerto Rico, se desembolsarían los fondos federales de recuperación de desastre. Exposición de Motivos, Ley Núm. 118-2022. Específicamente, el Programa CDBG-DR incluye, dentro de su porfolio, el Programa de Autorización de Títulos, cual asiste a las personas con ingresos bajos y moderados a culminar el proceso de inscripción de la persona afectada como titular legítima en el Registro de la Propiedad. Íd.

Ahora bien, para poderse aplicar la Ley Núm. 118-2022, toda persona solicitante del procedimiento expedito de expediente de dominio y cuya propiedad no esté inscrita en el Registro de la Propiedad tendrá que presentar, entre otros requisitos, una Certificación de Solicitud de Expediente de Dominio/Reanudación de Tracto Sucesivo por el Departamento de la Vivienda. Íd., sec. 1593. Ante el cumplimiento de los requisitos dispuestos por ley, el Tribunal ordenará la citación mediante edicto de las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada, y personalmente cuando el inmediato anterior dueño o sus herederos son conocidos, pero no se consta en escritura pública la transmisión. Íd. Los edictos se publicarán según las normas de procedimiento civil, es decir, una sola vez en un periódico de circulación general diaria en Puerto Rico. Íd. Véase, también, Regla 4.6 de Procedimiento Civil, *supra*. La Ley Núm.

118-2022 no hace mención alguna de la obligación de notificar a cuerpos o funcionarios gubernamentales para procesarse la petición de expediente de dominio.

En el presente caso, el Tribunal de Primera Instancia excedió su discreción al aplicar la Ley Núm. 210-2015. Del expediente se desprende que la peticionaria adquirió y presentó su *Certificación de Solicitud de Expediente de Dominio/Tracto Sucesivo*, el cual resulta un requisito indispensable e inherente a la aplicación de la Ley Núm. 188-2022 sobre el procedimiento de expediente de dominio expedito, que además lo diferencia significativamente de los criterios de expediente de dominio dispuestos por la Ley Núm. 210-2015. En otras palabras, la presentación de dicha certificación confirma la elegibilidad de la peticionaria al Programa CDBG-DR, la existencia de una Certificación de Titularidad sobre la propiedad en controversia y la falta de inscripción de dicha propiedad en el Registro de Propiedad, lo cual remite a que la propiedad de la señora Miranda Aponte fue objeto de un desastre natural y, en efecto, está sujeta a los propósitos y le aplican los criterios de la Ley Núm. 188-2022.

Por tanto, ante dicha Ley ser de carácter especial y contradecir a la Ley Núm. 210-2015, en cuanto al método de emplazamiento por edicto y la notificación de cuerpos o funcionarios gubernamentales, el principio de especialidad establece que se deberá aplicar la Ley Núm. 118-2022 al proceso de expediente de dominio ante nos y, en efecto, el foro primario deberá procurar por el cumplimiento de los requisitos dispuestos por la referida Ley.

Por los fundamentos expresados, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida. Devolvemos el caso al Tribunal

de Primera Instancia para la continuación de los procedimientos de conformidad con este dictamen.

**Notifíquese de inmediato**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
